**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DANICA MOORE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION No. 2:23-cv-03167 |
| v. | : | |
| | : | |
| PHILADELPHIA FIGHT, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH**
**AFFIRMATIVE AND OTHER DEFENSES**

Defendant Philadelphia FIGHT ("Defendant"), by and through its undersigned counsel, hereby submits the following Answer to Plaintiff Danica Moore's ("Plaintiff") Complaint and in support thereof avers as follows:

**INTRODUCTION**

By way of response to the "Introduction" section set forth in Plaintiff's Complaint, Defendant admits only that Plaintiff alleges claims of discrimination based on her race and retaliation in alleged violation of Title VII of the 1964 Civil Rights Act ("Title VII") and the Philadelphia Fair Practices Ordinance ("PFPO"). Defendant explicitly denies that any of Plaintiff's claims have merit.

**PARTIES**

1.      Admitted in part; denied in part. Defendant admits that Plaintiff is a black female as she has described herself and that she is a former employee of Defendant. Defendant lacks knowledge sufficient to admit or deny the remaining allegations set forth in paragraph 1 of the Complaint as to Plaintiff's residence.

2.      Denied as stated.   Defendant is a nonprofit organization operating in the Commonwealth of Pennsylvania, with an office location at 1233 Locust Street, Philadelphia, PA 19107.

## JURISDICTION

3.      The averments set forth in Paragraph 3 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

4.      The averments set forth in Paragraph 4 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

5.      The averments set forth in Paragraph 5 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

## VENUE

6.      The averments set forth in Paragraph 6 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

7.      Admitted.   By way of further response, Plaintiff filed a Complaint with the Philadelphia Commission on Human Relations ("PCHR") on February 9, 2018, and also updated her Charge of Discrimination (EEOC Charge No. 530-2018-01278) on February 13, 2018.

8.      Admitted.

9.      Admitted.

10.     Admitted in part; denied in part.  Defendant admits only that Plaintiff's claims were transferred to the Philadelphia Commission on Human Relations ("PCHR") (PCHR Charge No. E18026957; EEOC Charge No. 17G-2018-00083C).  Defendant denies the remaining averments.

## PLAINTIFF'S ALLEGATIONS

11.     Denied.  By way of further response, Plaintiff accepted her offer of employment with Defendant on September 27, 2010.

12.     Admitted.

13.     Denied.  By way of further response, at the time of her separation, Plaintiff was employed as a Cross Agency Women's Training Specialist.

14.     Admitted.

15.     Defendant lacks knowledge or information sufficient to admit or deny the averments set forth in paragraph 15 of the Complaint.

16.     Admitted.

17.     Denied.  The allegations set forth in paragraph 17 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 17 vary from the text of the document itself and/or are contrary to law, they are denied.

18.     Denied.  By way of further response, Defendant lacks knowledge or information sufficient to admit or deny the information Plaintiff was allegedly told by unidentified person(s) regarding her interactions with Shull.

19.     Denied as stated.  By way of further response, during Plaintiff's employment, she received positive performance reviews from her supervisor Elizabeth Schmidt (white female); however, Plaintiff also received verbal counseling throughout her employment, and constructive feedback regarding her performance.

3

20.     Denied as stated.  Plaintiff alleged in a September 14, 2017 verbal complaint and a related September 20, 2017 written internal grievance that Julie Fort, a white woman, screamed in a hallway that Plaintiff was harassing her.

21.     Denied as stated.  Plaintiff alleged in her September 20, 2017 internal grievance that Fort engaged in the alleged conduct on two separate occasions.  Defendant lacks knowledge or information sufficient to admit or deny the remaining averments set forth in paragraph 21 of the Complaint.

22.     Denied as stated.  By way of further response, Defendant's October 30, 2017 Investigation Report indicated a finding that the evidence did not support the harassment allegation made by Fort against Plaintiff.

23.     Defendant lacks knowledge or information sufficient to admit or deny the averments set forth in paragraph 23 of the Complaint which refer to alleged complaints by unidentified employees without any specificity.

24.     Defendant lacks knowledge or information sufficient to admit or deny the reasons underlying Plaintiff's alleged beliefs as set forth in paragraph 24 of the Complaint.

25.     Admitted.

26.     Denied as stated.  By way of further response, on September 14, 2017, Dannette Burry sent Defendant a written statement to report allegations that Fort screamed in the workplace that Plaintiff was harassing her which made Burry uncomfortable.

27.     Denied.  By way of further response, after Plaintiff expressed dissatisfaction with certain aspects of her role as a Program Manager, as such, Defendant made efforts to place Plaintiff in a position that better suited her interests and professional development.

28.     Admitted.

29.     Denied as stated.  By way of further response, the CAWTS position no longer required Plaintiff to conduct individual counseling with patients.  The new role did not prevent Plaintiff for working in the JLC.

30.     Defendant lacks knowledge or information sufficient to admit or deny the reasons underlying Plaintiff's alleged beliefs as set forth in paragraph 30 of the Complaint.

31.     Denied as stated.  By way of further response, on September 18, 2017, Defendant began its investigation into Plaintiff's September 14, 2017 verbal complaint.  On September 20, 2017, Plaintiff submitted a written complaint in connection with her verbal complaint. On November 10, 2017, Defendant notified Plaintiff that the investigation had concluded.

32.     Admitted.  By way of further response, Defendant's investigation determined that Fort did not engage in discriminatory conduct and that Plaintiff's allegation of a hostile work environment created by Fort was unsubstantiated.

33.     The averments set forth in Paragraph 33 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

34.     Admitted in part; denied in part.  Defendant admits only that on December 8, 2017, Defendant held a meeting with Plaintiff wherein the parties discussed the new job description.  The remaining averments are denied.  By way of further response, Plaintiff was informed that the duties of her new assignment would not require contact with clients at JLC.

35.     Denied.

36.     Denied.  The allegations set forth in paragraph 36 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 36 vary from the text of the document itself and/or are contrary to law, they are denied.

37.     Admitted in part; denied in part.  Defendant admits only that on December 12, 2017, Plaintiff sent an email to Shull, Robinson, and Schmidt wherein she stated she expressed concerns of retaliation for filing a complaint, and race-based discrimination and harassment.  Defendant denies that Plaintiff's allegations have any merit.

38.     Admitted in part; denied in part.  Defendant admits only that Plaintiff complained in her December 12, 2017 email that she believed the transfer opportunity was retaliation for her complaint.  Defendant denies that Plaintiff was retaliated against for filing an internal complaint with Defendant.

39.     Denied as stated.  By way of further response, on December 21, 2017, Plaintiff was asked to meet with Defendant's Chief Legal Officer, D. Deone Powell, and Barry Robinson.

40.     Admitted in part; denied in part.  Defendant admits only that Plaintiff expressed that she felt uncomfortable meeting with two men at the workplace.  The remaining averments are denied.  By way of further response, Powell offered to bring in a woman staff member of her choice to make her feel more comfortable and Plaintiff denied that offer.  Shortly thereafter, Robinson left the meeting.

41.     Denied.

42.     Denied as stated.  Defendant admits only that during the December 20, 2017 meeting, Plaintiff was informed that due to Defendant's changing business needs, Plaintiff would no longer continue in the position of LAX Women's Program Coordinator but was instead offered the newly created role of Cross Agency Women's Training Specialist, which was formally presented to her on December 8, 2017—notably, there was no change in Plaintiff's pay or benefits.  Further, Powell explained that if Plaintiff was not willing to accept the new position on the stated

terms listed within the job description, Defendant would offer Plaintiff three (3) months of salary to aid in her separation from her employment with Defendant.

43.    Admitted.

44.    Admitted.

45.    Denied as stated.  By way of further response, in a January 2, 2018 email, Powell advised Plaintiff that there would not be a follow-up meeting to discuss the terms of the job description given that all stakeholders had already determined terms in the best interests of the organization and that played to Plaintiff's strengths and talents as an employee.  Additionally, Powell provided Plaintiff until the end of the week (January 5, 2018 at 12:00 PM) to review the job description on the stated terms and advise him whether she would like to accept the new role which did not involve a change in Plaintiff's pay or benefits.

46.    Admitted in part; denied in part.  Defendant admits only that on January 5, 2018, Plaintiff accepted the new position.  Defendant denies the remaining averments set forth in paragraph 46 of the Complaint as to Plaintiff's alleged feelings.

47.    Denied as stated.  By way of further response, on January 5, 2018, Plaintiff accepted the new position.  On February 1, 2018, Plaintiff's employment with Defendant was separated.

48.    Denied.

49.    Denied as stated.  By way of further response, on December 27, 2017, Plaintiff dual-filed a Charge of Discrimination with the EEOC and Pennsylvania Human Relations Commission ("PHRC") (Charge No. 530-2018-01278).  On February 1, 2018, Plaintiff's employment was separated.  On February 9, 2018, Plaintiff filed a Complaint with the PCHR (PCHR Charge No. E18026957; EEOC Charge No. 17G-2018-00083C).  On February 13, 2018, Plaintiff amended her Charge of Discrimination (Charge No. 530-2018-01278).

50.     Admitted.

51.     The averments set forth in Paragraph 51 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

52.     Denied. The allegations set forth in paragraph 52 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 52 vary from the text of the document itself and/or are contrary to law, they are denied.

53.     Denied.  The allegations set forth in paragraph 53 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 53 vary from the text of the document itself and/or are contrary to law, they are denied.

54.     Denied.  The allegations set forth in paragraph 54 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 54 vary from the text of the document itself and/or are contrary to law, they are denied.

55.     Denied.  The allegations set forth in paragraph 55 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 55 vary from the text of the document itself and/or are contrary to law, they are denied.

56.     Denied.  The allegations set forth in paragraph 56 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 56 vary from the text of the document itself and/or are contrary to law, they are denied.

57.     Denied.  The allegations set forth in paragraph 57 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 57 vary from the text of the document itself and/or are contrary to law, they are denied.

58.     Denied.  The allegations set forth in paragraph 58 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 58 vary from the text of the document itself and/or are contrary to law, they are denied.

59.     Denied.  The allegations set forth in paragraph 59 of Plaintiff's Complaint refer to a document that speaks for itself to which no response is required. To the extent that allegations in paragraph 59 vary from the text of the document itself and/or are contrary to law, they are denied.

60.     The averments set forth in Paragraph 60 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

## LEGAL AVERMENTS

61.     Admitted in part; denied in part.  Defendant admits only that Plaintiff is a black woman.  The remaining averments set forth in Paragraph 61 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

62.     The averments set forth in Paragraph 62 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

63.     The averments set forth in Paragraph 63 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

64.     The averments set forth in Paragraph 64 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

65.     The averments set forth in Paragraph 65 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

66.     The averments set forth in Paragraph 66 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

**COUNT I**
**<u>RACIAL DISCRIMINATION UNDER THE PFPO</u>**

67.     Defendant incorporates by reference the preceding paragraphs of the Answer as if set forth at length herein.

68.     The averments set forth in Paragraph 68 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

**COUNT II**
**<u>RETALIATION UNDER THE PFPO</u>**

69.     Defendant incorporates by reference the preceding paragraphs of the Answer as if set forth at length herein.

70.     The averments set forth in Paragraph 70 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

71.     The averments set forth in Paragraph 71 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

**COUNT III**
**DISCRIMINATION BASED ON RACE UNDER TITLE VII**

72.     Defendant incorporates by reference the preceding paragraphs of the Answer as if set forth at length herein.

73.     The averments set forth in Paragraph 73 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

**COUNT IV**
**RETALIATION UNDER TITLE VII**

74.     Defendant incorporates by reference the preceding paragraphs of the Answer as if set forth at length herein.

75.     The averments set forth in Paragraph 75 are conclusions of law and/or a prayer for relief to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

76.     The averments set forth in Paragraph 76 are conclusions of law to which no answer is required under the Federal Rules of Civil Procedure.  To the extent an answer is required, the averments are denied.

77.     Admitted in part; denied in part.  Defendant admits only that Plaintiff requests the relief set forth herein.  Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff's claims have merit.

        a.     Admitted in part; denied in part.  Defendant admits only that Plaintiff requests the relief set forth herein.  Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff's claims have merit.

b. Admitted in part; denied in part.  Defendant admits only that Plaintiff requests the relief set forth herein.  Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff's claims have merit.

c. Admitted in part; denied in part.  Defendant admits only that Plaintiff requests the relief set forth herein.  Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff's claims have merit.

d. Admitted in part in part; denied in part.  Defendant admits only that Plaintiff requests the relief set forth herein.  Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff's claims have merit.

e. Admitted in part; denied in part.  Defendant admits only that Plaintiff requests the relief set forth herein.  Defendant denies that Plaintiff is entitled to any relief and denies that Plaintiff's claims have merit.

## DEMAND FOR RELIEF

WHEREFORE, Defendant respectfully asks this Court to enter judgment in its favor and against Plaintiff on each and every claim in her Complaint and to provide Defendant with such other relief as the Court shall deem just and proper.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, acquiescence, and/or unclean hands.

3. All personnel actions taken with regards to Plaintiff were taken in good faith, for legitimate business reasons, and were non-discriminatory and non-retaliatory in nature.

12

4.      The conduct alleged by Plaintiff does not constitute unlawful discrimination or retaliation based on her alleged race and/or the exercise of any statutorily protected right as a matter of law.

5.      There is no causal connection between the protected activity in which Plaintiff alleges that she engaged, and the adverse employment actions Defendant took against Plaintiff.

6.      Plaintiff failed to mitigate her damages, if any.

7.      Defendant is entitled to a setoff or credit with respect to any amount that might be awarded to Plaintiff in the amount of Plaintiff's interim earnings, benefits, or other compensation and/or in an amount Plaintiff could have earned with reasonable effort.

8.      Plaintiff's claim for punitive damages is barred by Defendant's good faith efforts to enforce anti-discrimination and anti-retaliation policies and to prevent and correct incidents of workplace discrimination and retaliation.

9.      Any damages Plaintiff allegedly suffered resulted from Plaintiff's own decisions, actions, or omissions.

10.     Defendant's actions were not willful.

11.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

The foregoing defenses are based on facts currently known to Defendant.  Defendant reserves the right to supplement these defenses based on facts later discovered, pled, or offered, up to and including the time of trial in this matter.

WHEREFORE, Defendant respectfully asks this Court to enter judgment in its favor and against Plaintiff on each and every claim in her Complaint and to provide Defendant with such other relief as the Court shall deem just and proper.

13

**BUCHANAN INGERSOLL & ROONEY PC**

Dated: October 30, 2023     By:     _/s/ Charlene A. Barker Gedeus_____

Charlene A. Barker Gedeus, Esq.
P.A. I.D. No. 317896
Keith M. Lee, Esq.
P.A. I.D. No. 330237
Two Liberty  Place, North Lobby
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
Tel:   (215) 665-8700
Fax:  (215) 665-8760
Charlene.gedeus@bipc.com
Keith.lee@bipc.com

*Attorneys for Defendant,*
*Philadelphia FIGHT*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2023, service of a true and correct copy of

the foregoing Defendant's Answer to Plaintiff's Complaint was made via this Court's Electronic

Filing System (ECF), upon the following:

Drake P. Bearden, Jr., Esquire
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
1000 Haddonfield-Berlin Road, Suite 203
Voorhees, NJ 08043
dbearden@lawjw.com

*Attorney for Plaintiff,*
*Danica Moore*

Date:  October 30, 2023                BUCHANAN INGERSOLL & ROONEY PC

By:  */s/ Charlene A. Barker Gedeus*
Charlene A. Barker Gedeus, Esq.
*Attorney for Defendant*